## JOHN CRARY VS. ALEXANDER REID et al.

The 48th section of the Judiciary Act which reads as follows: "all issues of fact pending and untried in the supreme court or any court of common pleas on the first Monday of July next shall be tried in the county in which the venue shall be laid;" *held*, that it is to be understood as applying to every issue of fact joined, *or to be joined* in any cause pending in the supreme court or any court of common pleas on the first Monday of July; also *held*, that unless this construction be given to this section, it would leave suits commenced before the first Monday of July, and in which *no issues had been joined*, unprovided for, or to leave them to be controlled by the provisions of the 46th section, which would be inconvenient, if not unjust.

The 49th section, which notwithstanding the place of trial for all issues of fact is fixed by the four preceding sections, authorises the supreme court to order any issue of fact upon good cause shown therefor, to be tried in any other county.

Any party, the Plaintiff as well as the Defendant, may apply for an order that the cause be tried in some other county than that in which the venue is laid.

*September Special Term,* 1847. *Albany county.—This was a motion to change the venue from the county of Albany to the county of Washington.* —The suit was commenced on the 17th of May last. Issue had not been joined in the case. All the parties resided in the county of Washington.

S. STEVENS, *for Deft.*

M. FAIRCHILD, *for Plff.*

HARRIS, Justice.—The notice of motion in this case, is for a change of venue. This, under the decision just made in the case of Wheeler & Niles ads. Barnard & Greenman, can only be sustained by showing a proper case under the provisions of the 46th section of the Judiciary Act. And, besides, the fact that the cause is not at issue, would be equally fatal to a motion to order the trial to be had in the county of Washington. But the Defendants' counsel insists that the case is within the 46th section, requiring the venue to be changed. The parties all reside in the county of Washington, and had the suit been commenced since the first Monday of July last, the Defendants would have had the right to have the venue changed from Albany to Washington, with the costs of the motion. The question presented here is, whether the suit, having been commenced before the first Monday of July, and no issue having been joined before that day, it is embraced in the 46th section.

The object of the 45th, 46th, 47th and 48th sections of the Judiciary Act, was to determine where any issue of fact, to be tried after the first Monday of July, should be tried. The 45th section provides for issues of fact joined in any surrogate's court, and generally for that class of actions which form their nature, are *local*, and directs that they shall

be tried in the county where the subject of the action shall be situated. The 46th section provides a venue and place of trial for actions which are, in their nature, *transitory*. The 47th section relates to issues of fact joined in suits and proceedings in equity. These three sections embrace all issues to be tried in actions to be commenced after the new system should take effect. But there remained a class of cases not yet provided for, to which the 48th section was intended to apply. In its terms this section seems only to embrace actions which had been commenced, and in which issues had been joined on the first Monday of July. But the effect of this restricted construction of that section would be to leave suits commenced before the first Monday of July, and in which no issues had been joined, unprovided for, or to leave them to be controlled by the provisions of the 46th section. The latter would be inconvenient, if not unjust. Take this very case:—A suit was commenced on the 17th of May, before the new system went into operation, and before the provisions of the Judiciary Act were promulgated. The Plaintiff laid his venue, as he had a right to do under the then existing law, in the county of Albany; but no issue having been joined before the new system went into effect, the Defendants would have the right, if the provisions of the 46th section are applicable to such a case, upon showing that all the parties reside in Washington, to have the venue changed, and to charge the Plaintiff with the costs of the motion. The legislature never could have intended to give the provisions of that section a retroactive effect, which should operate so unjustly. Is this, then, a case unprovided for in the sections above referred to? I think not—I think the 48th section may be fairly construed to include all that class of actions which, by the operation of the constitution, were on the day mentioned in that section transferred from the old courts to this court—that the section is to be understood as applying to every issue of fact joined or to be joined in any cause pending in the supreme court or any court of common pleas, on the first Monday of July. With this construction of the 48th section every case in which there could be an issue of fact to be tried after the present Judiciary system took effect, was provided for in the four sections mentioned. Then follows the 49th section, which, notwithstanding the place of trial for all issues of fact, is fixed by the four preceding sections, authorises the supreme court to order any such issue of fact, upon good cause shown therefor, to be tried in any other county. The provisions of the 49th section were clearly intended to extend to all the cases embraced in the four preceding sections. Any party, the Plaintiff as well as the Defendant, may apply for an order that the cause be tried in some other

county than that in which the venue is laid.   Thus it may well happen, in the same suit, that the court may be required under the 46th section to change the venue to the proper county, and then upon the application of the Plaintiff to order the cause to be tried in the same county from which, under the operation of the 46th section, the venue had been removed.   The view now presented gives full force and effect to every part of each of the sections of the Judiciary Act referred to, and at the same time harmonizes the various provisions of those sections with each other.   If this view be correct, this motion must be denied as well upon the ground of the insufficiency of the notice as that issue has not been joined in the cause.   But as the Defendants have shown a case which upon a proper application, showing that an issue of fact has been joined in the case, would entitle them to an order for the trial of the cause in the county of Washington, they may have leave to renew their motion upon any day in the present term or at any subsequent term.